PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ISAAC L. HOBBS,                          )
                                         )    CASE NO.  4:22CV0593
                    Petitioner,          )              (1:17CR0280)
                                         )
            v.                           )    JUDGE BENITA Y. PEARSON
                                         )
UNITED STATES OF AMERICA,                )
                                         )    **MEMORANDUM OF OPINION**
                    Respondent.          )    **AND ORDER**
                                         )    [Resolving ECF No. 83]


         Pending before the Court is *Pro Se* Petitioner Isaac L. Hobbs's Motion to Vacate, Set

Aside or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (ECF No.

83).[1]  The Government submitted a response in opposition.  ECF No. 85.  Petitioner replied.

ECF No. 87.  The Court has reviewed the parties' submissions, exhibits, the record, and the

applicable law.  For the reasons stated below, Petitioner's Motion (ECF No. 83) is denied.

                    **I.        Background**

         On July 19, 2017, Petitioner was charged by Indictment with one count of Felon in

Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1).  The relevant

facts and circumstances of the case were discussed previously by the Court as follows:

> On June 5, 2017, at approximately 7:22 p.m., Greater Cleveland Regional Transit
> Police Officers Bidica and Dell'Anno arrested Defendant following a traffic stop.
> Defendant was driving a blue Chevy Malibu heading westbound on Superior
> Avenue.  The officers testified that they saw Defendant driving in a lane marked
> "BUS ONLY."  The officers observed Defendant make a right turn onto East

---

[1]  Unless otherwise indicated, the docket references will be to the criminal case, not
the related civil case, 1:17CR0280.

(4:22CV0593)

> Roadway when the traffic light at the intersection was red.  A sign at that intersection indicated that turning right on red was not permitted.
>
> The officers stopped Defendant's car.  Defendant was driving and accompanied by one passenger, Anthony Harris.  During the stop, the officers detected a smell of marijuana.  The officers asked Defendant if there were any guns in the car.  Defendant affirmed that there was a gun in the car.
>
> The officers found a .22 caliber semi-automatic handgun in the car.  The gun had one round in the chamber.  In addition, there was an open 24-ounce container of beer in the car.
>
> The officers arrested Defendant for weapons offenses and driving under a suspended license.  In a search incident to the arrest, the officers found five rounds of ammunition on Hobbs's person.  The officers also arrested Harris.
>
> The events giving rise to the traffic stop occurred in downtown Cleveland at Public Square.  Brittany Scully, an investigator in the Public Defender's Office, estimated that there were fifteen to twenty cameras installed in the area around Public Square to monitor activity.  Indeed, Charles Brown, who heads security operations for the Greater Cleveland Regional Transit Police, testified that there were security cameras around Public Square.  Brown also testified that Regional Transit does not own all of those cameras, and therefore, does not have access to them.  Regional Transit only retains footage from the cameras it operates for thirty days.  Other entities with mounted cameras in Public Square also only retain footage for a limited period of time.
>
> Hobbs initially faced charges in the Cuyahoga County Court of Common Pleas.  That case was eventually dismissed.  On July 20, 2017, Hobbs was indicted by a federal grand jury for being a Felon in Possession of a Firearm and Ammunition.

Memorandum of Opinion and Order (ECF No. 29) at PageID #: 128-29.

On August 22, 2018, Petitioner entered a conditional guilty plea under a written Plea

Agreement (ECF No. 44), which allowed for limited appellate rights, including direct appeal of

the suppression issue and the determination of whether he was an Armed Career Criminal.  On

February 27, 2019, 189 days after pleading guilty, Petitioner claimed that the Court should allow

him to withdraw his guilty plea.  After review, the Court found that Petitioner's claims were

meritless, contradicted the record, and specifically remarked that his counsel "zealously and

2

(4:22CV0593)

competently represented Defendant throughout the course of litigation." Memorandum of Opinion and Order (ECF No. 55) at PageID #: 432.

On April 12, 2019, the Court sentenced Petitioner to a term of 180 months imprisonment and a five-year term of supervised release. Petitioner appealed, challenging the sufficiency of his indictment, and the voluntariness of his guilty plea. The Sixth Circuit upheld the District Court's sentence. *See United States v. Hobbs*, 953 F.3d 853 (2020).

Petitioner now brings this motion asserting three ineffective assistance of counsel grounds related to the representation provided to him by his pre-sentencing, sentencing, and appellate counsel.

## II.    Standard of Review

Section 2255(a) of Title 28, United States Code provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

To prevail on a motion to vacate under § 2255, the movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). *Pro se* habeas corpus pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *See Urbina v. Thoms*, 270

(4:22CV0593)

F.3d 292, 295 (6th Cir. 2001).  Regardless, a petitioner must prove his allegations by a preponderance of the evidence.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### III.    Analysis

In all three grounds, Petitioner asserts that his counsel's performance was constitutionally deficient.  Ineffective assistance of counsel may be a proper basis for relief under 28 U.S.C. § 2255, provided Petitioner can demonstrate counsel's ineffectiveness.  To establish ineffective assistance of counsel, Petitioner must first demonstrate that counsel's performance was deficient.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This requires a showing of error and prejudice.  The error prong requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment.  *Id*.  The prejudice prong requires showing that counsel's deficient performance prejudiced the defense.  *Id*.  The error prong is analyzed on an "objective standard of reasonableness."  *Id*. at 688.  To show error, a petitioner must overcome the strong presumption that counsel's conduct fell "within the wide range of reasonable professional assistance," and that "the challenged action 'might be considered sound trial strategy.' "  *Id*. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  The judicial scrutiny of a possible error is highly deferential to counsel.  *Id*.  To satisfy the prejudice requirement of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*. at 694.  Failure to satisfy either requirement is fatal to an ineffective assistance claim.  *Id*. at 697.  While a petitioner must prove each element of the two-part *Strickland* test to establish an ineffective assistance of counsel claim, courts are not required to conduct an analysis

4

(4:22CV0593)

under both *Strickland* prongs.  *Id.* at 697.  If the Court finds that a petitioner cannot meet one of the two *Strickland* prongs, it need not address the other.  *Id.*

      Petitioner challenges the effectiveness of three different lawyers – pre-sentencing, sentencing, and appellate counsel – that were assigned to his case.  As explained below, Petitioner's arguments fail.

### A.      Pre-Sentencing Counsel

      In Ground One, Petitioner argues that his pre-sentencing counsel was ineffective for two reasons: (1) the attorney did not present certain evidence during the suppression hearing; and (2) he advised Petitioner to sign an invalid guilty plea.

### i.      Counsel's Performance During Suppression Hearing

      Petitioner challenges his pre-sentencing counsel's performance during the suppression hearing by arguing that counsel did not address evidence that Petitioner thinks would have been dispositive.

      Specifically, Petitioner claims that his counsel did not "put on the record" an argument regarding a memorandum of understanding between the City of Cleveland and the Greater Cleveland Regional Transit Authority.  ECF No. 83-2 at PageID #: 915.  A review of the transcript from the suppression hearing, however, shows that Petitioner's claims are contrary to the record.  While Petitioner claims his counsel did not present evidence about the memorandum, the record reflects that Petitioner's counsel presented evidence about the memorandum through Sidney Scully, an investigator with the Federal Public Defenders Office.  *See* Transcript of Final Pretrial/Motion Hearing Proceedings (ECF No. 40) at PageID #: 261.  Petitioner also claims that the memorandum is proof that a government witness at the suppression hearing, Charles Brown, committed perjury.  This too is contrary to the record.  The memorandum does not show that

(4:22CV0593)

Brown lied when he testified that he did not have access to other cameras in the area.  ECF No. 40 at PageID #: 229.

As importantly, the memorandum of understanding is not relevant to the core matter at issue during the suppression hearing – availability of relevant video footage – so Petitioner cannot show prejudice.  When the Court decided the suppression issue, it concluded, among other things:  that there was not any evidence that relevant camera footage existed; Petitioner could not show which camera, if any, would have captured his traffic stop; and, even if there had been a camera that captured the traffic stop, Petitioner could not show the Government acted in bad faith by not producing it.  ECF No. 29 at PageID #: 132-33, n. 2 (stating "[w]hile testimony suggests that any video footage would have been recorded over in time, none proved it actually existed.").  In sum, Petitioner has not demonstrated either error or prejudice in relation to pre-sentencing counsel's performance at the suppression hearing.

### ii.  Counsel's Advice to Sign the Plea Agreement

Petitioner also argues that his pre-sentencing counsel erred when he made Petitioner enter an invalid plea agreement.  Petitioner argues that the plea was invalid because some of the predicate offenses were invalid convictions which should not have counted as an Armed Career Criminal predicate.  ECF No. 83-2 at PageID #: 916.  This argument *was* made at sentencing by counsel and failed, as discussed below.  Moreover, in the undersigned's denial of Petitioner's motion to withdraw his plea, the Court analyzed counsel's performance and found that Petitioner's pre-sentencing counsel zealously and competently represented Petitioner.  ECF No. 55 at PageID #: 432.  Importantly, at the change of plea hearing, the Court asked Petitioner if he was satisfied with his counsel's performance, and Petitioner indicated that he was.

6

(4:22CV0593)

> THE COURT:  All right.  So overall, can you tell me, is it true what it says, the last sentence, that you're satisfied with the legal services and advice provided to you by Mr. Warner?
>
> THE DEFENDANT:  Yes, I'm satisfied.

Transcript of Change of Plea Proceedings (ECF No. 72) at PageID #: 617.

Petitioner has not demonstrated error or prejudice in relation to pre-sentencing counsel's performance at the suppression hearing or on advising Petitioner to enter the plea agreement. Accordingly, Petitioner has failed to demonstrate that his pre-sentencing counsel was constitutionally deficient.  Ground One is without merit.

### B.    Sentencing Counsel

In Ground Two, Petitioner argues that his sentencing counsel was ineffective for not advising him about changes in his presentence investigation report ("PSR"), for not properly challenging his predicate offenses, and for not arguing about the inclusion of predicate offenses. Again, Petitioner's arguments contradict the record.  In his sentencing memoranda, Petitioner's counsel specifically objected to certain predicate offenses.  *See* ECF Nos. 56 and 57.  The Court overruled the objections on the record, after reviewing them in the PSR and in Petitioner's sentencing memoranda.  *See* Transcript of Sentencing Proceedings (ECF No. 74) at PageID #: 679.

The Plea Agreement (ECF No. 44) required Petitioner to waive some of his appellate/post-conviction rights, but not all.  Specifically, the Plea Agreement (ECF No. 44) allowed Petitioner to challenge the Court's determination that he qualified as an Armed Career Criminal.  But it required Petitioner to concede that his conviction for Aggravated Robbery was a predicate under the Armed Career Criminal Act.  Therefore, Petitioner's counsel was limited in what he could argue at sentencing about *that* particular predicate offense.  *See* ECF No. 44 at

(4:22CV0593)

PageID #: 333-34.  Choosing to stay within the terms of the plea agreement is not a legal error.

The consequences of breaching a plea agreement are severe.  The Plea Agreement states in

relevant part:

> **Consequences of Breaching the Plea Agreement.**  Defendant understands that if
> Defendant breaches any promise in this agreement, commits additional crimes,
> obstructs justice, attempts to withdraw Defendant's guilty plea, or if Defendant's
> guilty plea is rejected by the Court or is vacated or set aside, the USAO will be
> released from all of its obligations under this agreement and may institute or
> maintain any charges and make any recommendations with respect to sentencing
> that otherwise would be prohibited under the terms of the agreement.  Defendant
> understands, however, that a breach of the agreement by Defendant will not
> entitle Defendant to withdraw, vacate, or set aside Defendant's guilty plea or
> conviction.

ECF No. 44 at PageID #: 337.

Finally, Petitioner argues that his counsel should have cited *Borden v. United States*, 141

S. Ct. 1817 (2021) (holding that crimes with the *mens rea* of recklessness should not count for

Armed Career Criminal enhancements) when he challenged the validity of Petitioner's assault

conviction.  As discussed at sentencing, in this case, the state court documents show that the

Petitioner was convicted under ORC § 2923.02/ORC § 2903.11(a)(2).  The Court explicitly

relied on *Burris* when it found that the inclusion of the § 2903.11(a)(2) offense meant the assault

conviction counted as an Armed Career Criminal predicate.  *United States v. Burris*, 912 F.3d

386, 407 (6th Cir. 2019); ECF No. 74 at PageID #: 668-74.  Petitioner now argues that because §

2923.02 has a recklessness element, *Borden* should control, and the offense should not count.

*Borden* was decided after Petitioner's conviction, and he has not demonstrated how this is

one of the rare instances in which failure to raise an argument, which was not available under

then existing law, is ineffective assistance because the result could have been foreshadowed.  *See*

*Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999).  The result in *Borden* could not have been

foreshadowed because even the Supreme Court acknowledged the amount of "confusion and

8

(4:22CV0593)

division" on the subject when *Borden* was decided.  *See Borden*, 141 S. Ct. at 1836–37. (Thomas, J., concurring).  Therefore, Petitioner cannot show that his counsel erred by not predicting the holding in *Borden*.[2]

Overall, Petitioner has failed to demonstrate that his counsel was ineffective at sentencing.  Rather it is evident from the record that his counsel provided focused representation. As importantly, even if Petitioner's counsel had made the arguments Petitioner now urges, the outcome would not have changed, so there is no error or prejudice here.  Therefore, Ground Two does not merit relief.

### C.  Appellate Counsel

In Ground Three, Petitioner argues that his appellate counsel was ineffective for failing to raise certain arguments on appeal.  It is not a constitutional error for counsel to fail to raise a meritless argument on appeal.  *See Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001).

Petitioner faults appellate counsel for not making an improper argument to collaterally attack his attempted felonious assault conviction.  It is apparent from the evidence provided by Petitioner that his attorney considered and explained why he could not raise this argument in an email exchange with Petitioner.  *See* ECF No. 83 at PageID #: 949 (explaining that "we can't attack it in federal court now.").  Appellate counsel's advice to Petitioner was sound.  *See United States v. Lopez–Rodriguez,* 652 F. App'x 406, 408 (6th Cir. 2016) (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001).  Petitioner misinterprets this rule by claiming his direct appeal was the time to collaterally attack this state conviction.  Petitioner is mistaken.  The time to attack it would have been during his direct appeal in state court, not during a federal court direct appeal when the conviction was being used as a predicate to enhance a federal sentence.

---

[2]  Even if the argument in *Borden* had been made, both *Borden* and *Burris* are consistent with the result in this case, so Petitioner cannot show prejudice.

(4:22CV0593)

Petitioner also claims that counsel was ineffective for not raising *all* the grounds that were preserved on appeal.  The decision of his appellate counsel to limit his arguments to those with merit can be a constitutionally sufficient strategy.  *See Jones v. Barnes*, 463 U.S. 745, 754 (1983) (explaining "[f]or judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy").  Petitioner can demonstrate this decision violated *Strickland* by showing that the arguments *not* made were clearly stronger than those presented.  *See Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citations omitted).

Petitioner claims that his appellate counsel should have challenged the inclusion of his Aggravated Robbery conviction as an Armed Career Criminal predicate.  As discussed above, there was no argument with merit that Petitioner could have made because the Plea Agreement (ECF No. 44) explicitly conceded the propriety of that predicate.  Essentially, on appeal this argument would have amounted to nothing more than another challenge to the validity of the written plea agreement.  And, as the record shows, there are no arguments with merit that could upset that plea agreement.  The only other issue that was not argued on appeal was the suppression ruling.  But as demonstrated above, Petitioner has no claims with merit that could have been made to upset that ruling.

It is clear from the decision of the Sixth Circuit on the direct appeal that Petitioner's appellate counsel raised arguments that were seriously considered.  *See United States v. Hobbs*, 953 F.3d 853 (2020).  Overall, Petitioner has not demonstrated that his appellate counsel failed to raise an argument with merit or was otherwise ineffective.  Therefore, Petitioner cannot demonstrate error or prejudice.  Therefore, Ground Three is also without merit.

(4:22CV0593)

### IV.    Conclusion

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct

Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (ECF No. 83) is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith, and that there is no basis upon which to issue a certificate of

appealability.  28 U.S.C. §2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


July 26, 2022                                              /s/ Benita Y. Pearson
Date                                                       Benita Y. Pearson
                                                           United States District Judge

11